UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CLAUDIA KNOWLES,

    Plaintiff,

v.                        Case No: 2:25-cv-735-JES-DNF

ALLSTATE FIRE & CASUALTY INSURANCE COMPANY,

    Defendant.

**OPINION AND ORDER**

This matter comes before the Court on plaintiff's Motion for Remand Pursuant to 28 U.S.C. § 1447(c) (Doc. #14) filed on September 10, 2025. Defendant filed a Response (Doc. #17) on September 25, 2025. Plaintiff seeks a remand to state court, arguing that the amount in controversy does not exceed $75,000. Diversity of citizenship is not disputed, and the timeliness of the removal is not challenged by plaintiff. For the reasons set forth below, plaintiff's motion for remand is granted.

"Federal courts are courts of limited jurisdiction." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994) (citations omitted). A civil action brought in state court may be removed to a district court having original jurisdiction. 29 U.S.C. § 1441(a). One such basis for removal is diversity of citizenship

under 28 U.S.C. § 1332.  Under this statute, district courts have original jurisdiction over civil cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and the parties are citizens of different states.  28 U.S.C. § 1332(a)(1).  As the party seeking federal jurisdiction, the burden is upon defendant to establish diversity jurisdiction, including the amount in controversy, as of the date of removal.  Sammie Bonner Constr. Co. v. W. Star Trucks Sales, Inc., 330 F.3d 1308, 1310 (11th Cir. 2003); Thermoset Corp. v. Bldg. Materials Corp of Am., 849 F.3d 1313, 1317 (11th Cir. 2017).

Defendant was served on July 25, 2025, and the case was removed on August 15, 2025.  (Doc. #1 at ¶ 2.)  On June 26, 2025, plaintiff filed a Complaint (Doc. #6) in state court for negligence stemming from an automobile accident.  The Complaint alleges that the damages are in excess of the minimum jurisdictional threshold for state court, $50,000, in the amount of $50,001.00.  (Doc. #6 at ¶ 1.)  Plaintiff alleges that Jean Sineac[1] negligently operated and/or maintained a motor vehicle that collided with plaintiff's vehicle causing injury.  (Id. at 4.)  As a result of the crash,

---

[1] The Court notes that plaintiff is a co-occupant in automobile involved in Bauman v. Allstate Fire & Cas. Ins. Co., 2:25-cv-751-JES-NPM (M.D. Fla.).  (Doc. #12.)

2

plaintiff alleges that she suffered "bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, the loss of the ability to earn money, and aggravation of a previously existing condition." The losses are alleged to be either permanent or continuing. (Id. at 6.) Defendant Allstate Fire and Casualty Insurance Company issued and delivered an Uninsured Motorist Insurance Policy protecting plaintiff against losses from uninsured motorists, in effect on the date of the accident, in the amount of $250,000. (Id. at 7-9.) In the Notice of Removal, defendant states that plaintiff provided a demand to Defendant pre-suit in excess of $75,000, on June 18, 2025.[2] (Doc. #1 at ¶¶ 3-4.) Defendant also states that the Complaint presents an action for "personal and permanent injuries arising out of a car accident." (Id. at 5.) No supporting documents were filed.[3]

---

[2] In response to the motion for remand, defendant states that plaintiff did not provide a demand before suit. (Doc. #17 at ¶ 4.)

[3] "A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." Williams v. Best Buy Co., 269 F.3d 1316, 1319-20 (11th Cir. 2001).

Plaintiff's motion to remand states that a demand inclosing medical bills totaling $17,000, was sent to defendant along with a demand to tender the available policy limits. (Doc. #14 at ¶ 6.)  In response, defendant states that no pre-suit demand was made but the Complaint seeks both economic and non-economic damages for personal and permanent injuries and plaintiff has a life expectancy of 14.56 years. (Doc. #17 at ¶¶ 4-5, 7.) Defendant states that it filed the removal based on a "demand of $250,000.00 based on a possible future pain and suffering claim valuing at $1,275,456.00." (Id. at 8.) None of this information was stated in the Notice of Removal and no supporting documents or affidavits are attached to the response.

"Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). "[U]nder any manner of proof, the jurisdictional facts that support removal must be judged at the time of the removal, and any post-petition affidavits are allowable only if relevant to that period of time." Sierminski v. Transouth Fin. Corp., 216 F.3d 945, 949 (11th Cir. 2000) (quoting Allen v R&H Oil Co., 63 F.3d 1326, 1335 (5th Cir. 1995). While the Court

4

may consider "evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations," it cannot speculate. Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 754 (11th Cir. 2010).

Allegations of permanent damage *can* be sufficient, Guite v. State Farm Mut. Auto. Ins. Co., No. 2:25-CV-461-JES-KCD, 2025 WL 2109252, at *2 (M.D. Fla. July 29, 2025), however the allegations in this case are vague, non-specific, and unsupported. Plaintiff does not allege in the Complaint that she seeks the policy limits, or what kind of permanent injuries plaintiff sustained. See Guite, 2025 WL 2109252, at *2 (removal included detailed economic damages totaling economic damages totaling $66,043.64, future pain and suffering in excess of $1 million, and over $100,000 in past medical bills and expenses); Andrews v. Wal-Mart Stores E., LP, No. 2:25-CV-00014-JLB-NPM, 2025 WL 2021347, at *1 (M.D. Fla. July 18, 2025) (in response to interrogatories, plaintiff stated that she incurred $204,578 in medical expenses and defendant attached medical bills totaling $118,672.90 to the Notice of Removal); Miraglia v. Universal City Dev. Partners, Ltd., No. 6:24-CV-1094-WWB-EJK, 2024 WL 5055478, at *2 (M.D. Fla. Oct. 22, 2024), report and recommendation adopted, No. 6:24-CV-1094-WWB-UAM, 2025 WL 1276850 (M.D. Fla. Jan. 10, 2025) (demand letter of $1 million

based on past medical bills for traumatic brain injury); Myers v. Porter, No. 3:10-CV-809-J-12TEM, 2010 WL 11623500, at *2 (M.D. Fla. Nov. 4, 2010) (evidence included demand letter detailing injuries sustained by 17 year old with a life expectancy of 60 years)

The Court finds that defendant has failed to meet the burden of demonstrating by a preponderance of the evidence that the amount in controversy was satisfied at the time of removal.

Accordingly, it is now

**ORDERED**:

Plaintiff's Motion for Remand Pursuant to 28 U.S.C. § 1447(c) (Doc. #14) is **GRANTED** and the case is remanded to the Lee County Circuit Court, Florida.  The Clerk shall terminate all pending deadlines and close the case.

**DONE AND ORDERED** at Fort Myers, Florida, this __1st__ day of October 2025.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE


Copies:
Counsel of record

6